Mr. Justice MILLER,
dissenting.
I dissent from the opinion of the court just delivered.
The points in the case before us for review are whether there was such a contract made as that set forth in the first count of the declaration, aud if so,* whether it was valid.
Tlie only evidence of both these propositions offered by plaintiffs was the record of the former trial, and the. testimony of certain jurors on that trial, tending to show that their verdict was based on the same contract which is described in the first count of the declaration in the present suit. If that-testimony did not establish both those propositions, then plaintiffs failed in their action, for'they offered no other evidence on that issue. If that testimony did show that the contract on which the verdict in the former suit was rendered was the one set up in the first count of the present declaration, then the record established both the making of that contract and its valid character, for a judgment was rendered on that1 verdict which is still in full force and unreversed. If the testimony of the witnesses tended to show this fact, then it should go to the jury, for its sufficiency to establish the fact was for them and not for the court. No charge on this subject was asked by defendants, and none given by the court to which defendants excepted.
The main exception sustained by this court is to the offer of defendants to prove by a competent witness that the contract proved in the former trial was a parol contract.
Did this testimony have any tendency to disprove that of the witnesses of plaintiffs who testified as to the contract on *597 which, the former verdict was founded ? I am not ■ able to see it.
The witness did not propose to swear that the terms of the contract proved on the former trial differed from the terms of the contract counted on in this suit. He was expected to state that the only contract proved in the former suit was a parol contract. None of the witnesses of the plaintiffs said it was other than a parol contract. It was not pretended that the contract relied on in the first suit was a written contract.
It is said that if the contract was in parol, it is void as against the statute of frauds, and that question could not be concluded by the former judgment.
I think the law is otherwise. In the case of Smith v. Whiting,* the Supreme Court of Massachusetts • says : “ It is apparent from the pleadings that this very demand has been once tried and determined; and although the court may have decided wrorj(g in rejecting the evidence in the former suit, yet this is not the way to remedy the misfortune. Exceptions might have been filed to the opinions of the judge, or a now trial liad upon petition. We must presume that this very matter has been tried, and it is never permitted to overrule the judgment of a court having jurisdiction by another action.” To the same effect is the case of Grant v. Button, in the Supreme Court of New York.†
If the law be, as claimed, that there can be no estoppel as to matter of law, but only as to matter of fact, what becomes of the estoppels by judgments rendered on demurrer? The authorities in favor of estoppels in this class of cases are numerous. The cáse of Goodrich v. The City, decided at this term,‡ is directly in point. There the judgment of the State court of Illinois on demurrer, in a former suit between the same parties, was held a bar, although it was intimated that if it had been an open question, this court might have differed witli the Illinois court in the construction of the law. All decisions ou demurrer must necessarily be on questions of law, for the demurrer admits the facts pleaded and only *598 raises' the questions of law which grow out of those facts. If the principle contended for were true, there could be no estoppel by demurrer.’
If, then, the jury were satisfied from the record in the former case, and from the testimony of tlm witnesses, that the terms of the contract on which that verdict was founded were the same as the special contract set out in the present suit, then the verdict and judgment in that case established the existence and validity of that contract for the purposes of this suit., and whenever it may be called in question between the same parties in relation to the same transaction. And the testimony offered, if admitted, would have had no tendency to disprove either of those propositions, but only to show that the court erred in its judgment in the first suit.
Again, if I understand the opinion aright, it is said that it must be made to appear from the record Of the former suit, and the testimony of the witnesses, that the former verdict was necessarily founded on the contract set out in this suit. It seems to me that when this case was last here before,* the court then stated the proposition much short of this. For the opinion, after alluding to the indefinite character of the pleadings in many actions, says: “It was consequently decided that it was not necessary as between parties and privies that the record should show the question upon which the right of the plaintiff to recover, or the-validity of the defence depended, for it to operate conclusively; but only that the same matter in controversy might have been litigated, and that extrinsic evidence would be admitted to prove that the particular question was material, and was in fact contested, and that it was referred to the- decision of the jury.” The rule, as I understand it, is that to render such former judgment conclusive it is only necessary to show that the same matter might have been decided, and actually was decided.
Again, it is said in the opinion 'that-t-he testimony of the jurors in the former trial was incompetent to disclose the grounds of their decision in the former case. I think the *599 rule in those courts where it is adopted at all, and it is rejected wholly in many, is that a juror cannot be permitted to impeach his verdict, but that he is never refused to sustain it. And this only applies to proceedings to set aside that verdict, and not to cases where the question of what was actually decided may arise in another proceeding.
On the whole, I am of opinion that there was but one question in the case, and that was whether the former verdict and judgment were based on the same contract counted on in the present suit, and that the evidence which went to the jury had a tendency to establish that fact, and the evidence rejected by the court had no tendency to disprove it.

 11 Massachusetts, 445.

 14 Johnson, 377.

 See supra, p. 566, last preceding case

 As reported in 24 Howard.